James R. Campbell Coffey County Attorney P.O. Box 310 Burlington, Kansas 66839
Dear Mr. Campbell:
As Coffey county attorney, you request our opinion as to whether the board of Coffey county commissioners may consider the payment of attorney fees to county officials implicated by a grand jury in a criminal prosecution.
We have stated in our earlier opinions that there is no case law in Kansas relevant to this issue, and other states have followed different approaches to the issue of reimbursement of attorney fees to a public officer in defense of a criminal prosecution.
One approach is that public officers assume the risk of defending themselves against an unfounded accusation at their own expense, and therefore, it is not the duty of the public to defend or aid in the defense of one charged with official misconduct. Chapman v. City of NewYork, 61 N.E. 108 (N.Y.App. 1901). However, several other states have taken a different approach: If the public officers acted reasonably with good faith and the crimes charged were committed during discharge of official duties, they may be reimbursed for attorney fees for their defense. Attorney General Opinion No. 92-130.
There is no statute prohibiting the county from reimbursing the attorney fees in a criminal action against county officials. We believe that the board of county commissioners may review the factual circumstances of the charges and decide whether to reimburse attorney fees.
We note that the official misconduct statute, K.S.A. 21-3902, has recently been held unconstitutional by the Kansas Supreme Court. Statev. Adams, (No. 68,636, January 24, 1994.) We do not believe that this ruling has changed our analysis of the present issue found in our earlier opinions, Attorney General Opinions No. 92-87 and 92-130.
The board of county commissioners is able to "transact all county business and perform all powers of local legislation and administration it deems appropriate. . . ." K.S.A. 1993 Supp. 19-101a. In addition to the county's home rule powers, K.S.A. 19-212 provides that "[t]he board of county commissioners of each county shall have the power, at any meeting: . . . . Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefore, as provided by law. . . ." Further, K.S.A. 19-229 gives the county commissioners the "exclusive control" of county expenditures.
The general rule is, however, that county funds must be spent only for a "public purpose." It has been laid down as a general rule that the question of whether the performance of an act or the accomplishment of a specific purpose constitutes a "public purpose" for which municipal funds may be lawfully disbursed rests in the judgment of the municipal authorities, and the courts will not assume to substitute their judgment for that of the authorities unless the latter's exercise of judgment or discretion is shown to have been unquestionably abused. Attorney General Opinions No. 92-87; 91-53; 82-229.
In conclusion, the board of Coffey county commissioners may consider on a case-by-case basis whether county officials are entitled to the payment of attorney fees for their defense in a criminal action.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas